IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ALAN CHAR, #A0234438, | CIV. NO. 18-00304 LEK-KJM |
| Plaintiff, | ORDER (1) GRANTING IN FORMA PAUPERIS APPLICATION; AND (2) DISMISSING COMPLAINT |
| vs. | |
| KHON, KITV, KHNL, JOHN AND JANE DOES 1-50, | |
| Defendants. | |

Before the court is pro se Plaintiff Mark Alan Char's (1) prisoner civil rights Complaint and (2) Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1, 2. Char is a pretrial detainee incarcerated at the Oahu Community Correctional Center ("OCCC"). Char alleges that Defendants Honolulu News Stations KHON, KHNL, KITV and their unidentified employees John and Jane Does 1-50 committed "slander/defamation, reputational injury, [and] libel by broadcasting false information" about him on August 1, 2016.[1] Compl., ECF No. 1, PageID #5.

---

[1] Char is awaiting trial in four unconsolidated criminal cases in the Hawaii Circuit Court of the First Circuit. *See* *State v. Char*, 1PC161001291; *State v. Char*, 1PC161000903; *State v. Char*, 1PC131000810; *State v. Char*, 1PC031002555. http://www.courts.state.hi.us. (last visited Aug. 13, 2018).

Char's IFP Application is granted.  Because Char fails to allege a federal cause of action, this court lacks subject matter jurisdiction over his claims and his Complaint is DISMISSED.  Char is granted leave to amend his Complaint, if possible.

**I.  IFP APPLICATION**

Char qualifies as a pauper and his IFP Application is GRANTED.  *See* 28 U.S.C. § 1914.  Char shall make an initial partial payment of 20% of the current balance of his account, if that balance exceeds $10.00.  Thereafter, Char shall make monthly payments of 20% of the preceding month's income credited to his account, when his account exceeds $10.00.  *Id.*

IT IS HEREBY ORDERED that:

(1)  The Hawaii Department of Public Safety ("DPS"), Warden of the Oahu Community Correctional Center, or designees, shall calculate, collect, and remit to the Clerk of Court an initial partial payment

---

Char apparently refers to news reports of his arrest on August 1, 2016, in 1PC161001291 for Attempted Murder in the Second Degree (in violation of Haw. Rev. Stats. 705-500, 707-701.5), and Assault in the Second and Third Degree (in violation of Haw. Rev. Stats. 707-711(1)(a) and 707-712(1)(a)).

equaling 20% of the amount in Char's account (if that amount exceeds $10.00), and thereafter, monthly payments equaling 20% of Char's preceding month's income or balance when the account exceeds $10.00, until the $350.00 civil filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2).  These payments must be identified by the name and number assigned to this action.

(2)  The Clerk is directed to serve a copy of this order on Char, the OCCC Warden and Financial Office, Shelley Nobriga Harrington, Esq., and Laurie Nadamoto, Esq., DPS Litigation Coordinators, and submit a copy of this order to the District of Hawaii's Financial Department.

## II.  **STATUTORY SCREENING**

The court must screen all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), and dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

3

(en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia*

*Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

Char asserts federal jurisdiction for this suit arises under 28 U.S.C. § 1331 and 42 U.S.C. § 1983,[2] but pleads state law claims only, for defamation, libel and slander. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[3] 28 U.S.C. § 1331. Under § 1331, whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction may only be invoked when a federal question is presented on the face of a

---

[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] Federal courts also have original jurisdiction under 28 U.S.C. § 1332, when the matter in controversy exceeds the sum of $75,000 and the action is between citizens of different States, or are subjects of a foreign state. Nothing within Char's Complaint suggests the Defendants are citizens of a different state or country, nor does Char allege jurisdiction arises under § 1332.

plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, an action is deemed to "arise under" federal law when a "federal law creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Actions asserting state-law claims may also "arise under" federal law for purposes of federal question jurisdiction if the asserted state law: (1) "necessarily raise[s] a stated federal issue," (2) that is "actually disputed" and (3) "substantial," and (4) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Naehu v. Read*, 2017 WL 1162180, at *4 (D. Haw. Mar. 28, 2017) (remanding case to state court).

Char cannot state a federal constitutional claim based on his claims of defamation, slander, and libel. *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976) (holding defamation is not actionable under § 1983); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir.

1987) (holding that libel and slander claims are precluded by *Paul*); *Whatley v. Gray*, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018); *Sadler v. Dutton*, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), *report and recommendation adopted*, 2017 WL 3219479 (D. Mont. July 28, 2017).

Moreover, Char alleges no other claims or facts from which the court can liberally construe any federal cause of action. Char does not identify the federal rule or constitutional provision that was violated or explain how any Defendant was acting under color of state law. Rather, Char sets forth conclusory statements that amount to no more than a "[t]hreadbare recital[] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Char, as the master of his complaint, limits his claims to state law torts, depriving this court of subject matter jurisdiction. The Complaint does not otherwise state a federal cause of action. Char's Complaint is DISMISSED without prejudice for lack of jurisdiction.

## IV. **LEAVE TO AMEND**

Char may file an amended complaint on or before September 20, 2018, to cure the deficiencies in his Complaint, if this is possible. In the alternative, he may notify the court that he will voluntarily dismiss this case on or before September 20, 2018. On receipt of such written notification, the court will vacate the Order Granting In Forma Pauperis, and direct the Clerk to terminate this action without payment of fees.

If Char elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An

amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. **CONCLUSION**

(1) Char's Application to Proceed In Forma Pauperis by a Prisoner is GRANTED.

(2) Char's Complaint is DISMISSED without prejudice for lack of federal jurisdiction.

(3) Char may file an amended pleading that cures the jurisdictional deficiency of his Complaint on or before September 20, 2018, if this is possible and done in good faith. In the alternative, Char may notify the court in writing that he elects to voluntarily dismiss this action on or before September 20, 2018. Upon

receipt of such written notice, the court will vacate the Order Granting In Forma Pauperis and waive further payment of fees.

(4) The Clerk of Court is DIRECTED to send Char a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 21, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Char v. KHON, et al.*, No. 1:18-cv-00304 LEK-KJM; Scrng '18 Char 18-304 lek (grt IFP, dsm C lack J slander libel defam.)