IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK ALAN CHAR, #A0234438,   )  CIV. NO. 18-00304 LEK-KJM
                               )
        Plaintiff,      )  DISMISSAL ORDER
                               )
        vs.            )
                               )
KHON, KITV, KHNL, JOHN AND  )
JANE DOES 1-50,         )
                               )
        Defendants.     )
_____ )

Before the court is pro se Plaintiff Mark Alan
Char's first amended prisoner civil rights complaint
(FAC). ECF No.5. Char is a pretrial detainee
incarcerated at the Halawa Correctional Facility.[1] Char
alleges that Defendants Honolulu News Stations KHON,
KHNL, KITV, and their unidentified employees John and
Jane Does 1-50 violated the Fourth, Eighth, and
Fourteenth Amendments and state law beginning on or
about August 1, 2016, and thereafter, when they

---

[1] Char is awaiting trial in four criminal cases in the
Hawaii Circuit Court of the First Circuit. *See State v. Char*,
1PC161001291; 1PC161000903; 1PC131000810; 1PC031002555.
http://www.courts.state.hi.us. (visited Oct. 22, 2018).

broadcast news reports about his arrest and criminal

proceedings.[2]

Char again fails to allege a federal cause of

action, despite now labeling his claims as brought

under the United States Constitution in addition to

state law.  Char's FAC is DISMISSED for failure to

state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a).  It is clear that Char cannot amend these

claims to state a federal cause of action and this

dismissal is with prejudice.

## I. BACKGROUND

Char originally alleged that KHON, KITV, KHNL, and

their unidentified employees committed "slander/

defamation, reputational injury, [and] libel by

broadcasting false information" about him on the

nightly news on and after August 1, 2016, when they

reported on his arrest and criminal proceedings.

Compl., ECF No. 1, PageID #5.  Because Char alleged no

federal claims, the court notified him that it lacked

---

[2]Char apparently refers to news reports aired regarding his arrest on or about August 1, 2016, leading to his charges in *State v. Char*, 1PC161001291.

subject matter jurisdiction over his claims and dismissed the Complaint with leave to amend.  The court informed Char that, in light of this holding and the guidance provided regarding his claims, if he elected to voluntarily dismiss this action, the court would vacate the Order Granting In Forma Pauperis and waive any further payment of fees.  *See* Order (1) Granting In Forma Pauperis; and (2) Dismissing Complaint, ECF No. 3, PageID #22-23.

Instead, Char elected to file the FAC and attempt to allege federal claims.  The FAC realleges the same facts and state law claims of libel, slander, defamation, and reputational injury as alleged in the original Complaint.  Char now asserts additional state law torts of negligence and intentional and negligent infliction of emotional distress.  He also broadly asserts, without any factual support, that Defendants were "deliberate indifferent to Plaintiffs [sic] clearly established constitutional rights + acted with a purpose to harm Plaintiff," in violation of the "usages of rights, privileges and immunities secured to

Plaintiffs [sic] Fourth, Eighth, and Fourteenth

Amendments to the Constitution of the United States and

the State of Hawaii."  FAC, ECF No. 5, PageID #32.

Char seeks only damages for mental anguish,

emotional distress, embarrassment, and humiliation.

## II.  <u>STATUTORY SCREENING</u>

The court must screen all prisoners' pleadings

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), and

dismiss a claim or complaint that is frivolous,

malicious, fails to state a claim for relief, or seeks

damages from defendants who are immune from suit.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

(en banc)*; Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th

Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves

the same standard of review as that used under Federal

Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*,

668 F.3d 1108, 1112 (9th Cir. 2012) (screening under

§ 1915(e)(2)*; see also Wilhelm v. Rotman*, 680 F.3d

1113, 1121 (9th Cir. 2012) (screening under § 1915A).

Under Rule 12(b)(6), a complaint must "contain

sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted).

Pro se litigants' pleadings must be liberally

construed and all doubts should be resolved in their

favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

2010) (citations omitted). Leave to amend must be

granted if it appears the plaintiff can correct the

defects in the complaint. *Lopez*, 203 F.3d at 1130. If

the complaint cannot be saved by amendment, dismissal

without leave to amend is appropriate. *Sylvia

Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th

Cir. 2013).

## III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege two essential elements: (1) that

a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged

violation was committed by a person acting under the

color of state law. *See West v. Atkins*, 487 U.S. 42,

48 (1988).

**A.   No Color of State Law**

The Constitution protects individual rights from
government action only, not from private action.
Generally, private parties are not considered to be
acting under color of state law.  *See Price v. Hawaii*,
939 F.2d 702, 702-08 (9th Cir. 1991).  It is only when
the government is responsible for the specific conduct
about which the plaintiff complains that individual
constitutional rights are implicated.  *See Single Moms,
Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir.
2003).  A § 1983 plaintiff must show that a defendant's
actions are fairly attributable to the government,
which involves significant state involvement in the
action in question.  *Franklin v. Fox*, 312 F.3d 423,
444-45 (9th Cir. 2002).

To attribute a private individual's conduct to
state action requires two elements: a state policy and
a state actor.  The state policy element can be
satisfied if there is the exercise of state-created
rights, privileges, or rules of conduct.  Char neither

alleges nor suggests any state policy under which

Defendants were allegedly acting when they aired news

reports about his arrest and criminal proceedings.

The state actor element may be established where

there is conduct on the part of a state official, or an

individual who acts in concert with a state official,

or has obtained significant aid therefrom, or whose

conduct is otherwise chargeable to the state.  *Lugar v.*

*Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).  That is,

"to show that a private action is in fact state action,

the plaintiff must show that there is a sufficiently

close nexus between the State and the challenged action

of the regulated entity so that the action of the

latter may be fairly treated as that of the State

itself."  *Grijalva v. Shalala*, 152 F.3d 1115, 1119 (9th

Cir. 1998) *vacated on other grounds by* 526 U.S. 1096

(1999).

Char alleges no facts suggesting that KHON, KITV,

KHNL, and their unidentified employees acted under

color of state law or in concert with the state or any

state officials when they broadcast news reports

regarding his arrest and later proceedings.

**B.   No Constitutional Violation**

"Congress shall make no law . . . abridging the

freedom of speech, or of the press."  U.S. Const.

amend. I.  "The right of the press to gather news and

information is protected by the First Amendment because

'without some protection for seeking out the news,

freedom of the press could be eviscerated.'"

*California First Amendment Coal. v. Calderon*, 150 F.3d

976, 981 (9th Cir. 1998) (quoting *Branzburg v. Hayes*,

408 U.S. 665, 681 (1972)).  Gathering and disseminating

news from public sources is fully protected by the

First Amendment.  *See, e.g., Cox Broadcasting Corp. v.

Cohn*, 420 U.S. 469, 496 (1975).

Thus, the press enjoys a nearly unfettered

constitutional right, founded in the First Amendment,

to report matters of public interest.  *Downing v.

Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001)

("[N]o cause of action will lie for the publication of

matters in the public interest, which rests on the

right of the public to know and the freedom of the

press to tell it."); *see also Pierce v. Capital*

*Communications, Inc.*, 576 F.2d 495, 504-08 (3rd Cir.

1978).  And, the commission of a crime and resulting

criminal proceedings are "without question events of

legitimate concern to the public," entitled to First

Amendment protection.  *Cox*, 420 U.S. at 492.  KHON,

KITV, KHNL, and their employees are protected under the

First Amendment for their reporting Char's arrest and

public criminal proceedings.

Additionally, simply labeling his claims as arising

under the Fourth, Eighth, and Fourteenth Amendments,

without any indication how Defendants violated Char's

constitutional rights under these provisions is wholly

insufficient to state a federal claim against them.

While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it

demands more than an unadorned, the defendant-

unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at

678.  A pleading is insufficient if it offers mere

"labels and conclusions" or "a formulaic recitation of

the elements of a cause of action."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556

U.S. at 678 ("Threadbare recitals of the elements of a

cause of action, supported by mere conclusory

statements, do not suffice.").

And, as the court previously warned Char, he cannot

state a colorable constitutional cause of action based

on his claims of defamation, slander, and libel. *See*

*Paul v. Davis*, 424 U.S. 693, 699-701 (1976) (holding

defamation is not actionable under § 1983); *Hernandez*

*v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987)

(holding that libel and slander claims are precluded by

*Paul*); *Whatley v. Gray*, 2018 WL 828200, at *2 (S.D.

Cal. Feb. 8, 2018); *Sadler v. Dutton*, 2017 WL 3217119,

at *6 (D. Mont. June 1, 2017), *report and*

*recommendation adopted*, 2017 WL 3219479 (D. Mont.

July 28, 2017).

Char cannot link KHON, KITV, KHNL, and their

employees to any state action. Even if he could, they

are entitled to constitutional protection under the

First Amendment for broadcasting news reports about

Char's arrest and criminal proceedings, which are

matters of public interest.  Char fails to explain how

Defendants, even if their action was not protected by

the First Amendment, violated his rights under the

Fourth, Fifth, Eighth, and Fourteenth Amendments.  Char

fails to state a claim against Defendants under § 1983

and his claims against them are DISMISSED.

## C.    Damages Are Unavailable Under 42 U.S.C. § 1997e(e)

The Prison Litigation Reform Act of 1996 (PLRA),

placed a limitation on recovery of damages in prisoner

actions.  42 U.S.C. § 1997e states in relevant part:

> No Federal civil action may be brought by a
> prisoner confined in a jail, prison, or other
> correctional facility, for mental or emotional
> injury suffered while in custody without a
> prior showing of physical injury or the
> commission of a sexual act (as defined in
> section 2246 of Title 18).

42 U.S.C. § 1997e(e).  Char's claims for damages are

based on his mental and emotional distress and are

barred under § 1997e(e), because he fails to allege any

physical injury due to Defendants' reporting about his

arrest and prosecution on television news broadcasts.

*See Oliver v. Keller*, 289 F.3d 623, 625-28 (9th Cir.

2002) (the physical injury requirement applies to

pre-trial detention claims and requires more than de

minimis physical injury); *Jackson v. Monterey Cty.*

*Jail*, 407 F. App'x 119, 119-20 (9th Cir. 2010)

(affirming dismissal of pretrial detainee conditions of

confinement suit for failure to allege physical

injury).

## IV.  28 U.S.C. § 1915(g)

This dismissal may count as a "strike" under 28

U.S.C. § 1915(g).  Under the "3-strikes" provision, a

prisoner may not bring a civil action or appeal a civil

judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a
> court of the United States that was dismissed
> on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may
> be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.  CONCLUSION

(1)  Char's First Amended Complaint is DISMISSED

for failure to state a claim.  Because amendment

appears futile, this dismissal is with prejudice.

12

(2) The Clerk of Court is DIRECTED to enter judgment and terminate this case.

(3) This dismissal has no effect on the Order directing the Hawaii Department of Public Safety to withdraw funds from Char's account, which remains in effect.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 24, 2018.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Char v. KHON, et al.*, No. 1:18-cv-00304 LEK-KJM; Scrng '18 Char 18-304 lek (dsm FAC ftsc slander libel defam.)